```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM B. CORLEY,                                          :

                        Plaintiff,                          :

        -against-                                           :   REPORT AND RECOMMENDATION

MARC JAHR, MELISSA BARKAN,                                  :   11 Civ. 9044 (RJS)(KNF)
JIM QUILIVAN, JOSEPH SPITZER,
BRIAN LOFTMAN, JANE AND JOHN DOES,                          :

                        Defendants.                         :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

## BACKGROUND

On December 12, 2011, William Corley ("Corley"), proceeding pro se, commenced this action against Marc Jahr ("Jahr"), Melissa Barkan ("Barkan"), Jim Quilivan ("Quilivan"), Joseph Spitzer ("Spitzer"), Brian Loftman ("Loftman") and Jane and John Does, pursuant to the Fair Housing Act, as amended, 42 U.S.C. § 3601 et seq., seeking damages and an order from the court "[assigning] a receiver for the property." Defendants Spitzer and Loftman answered the complaint and asserted as a "Fourth Defense," paragraphs 57-62, that, "[p]rior to filing this action, plaintiff filed a complaint with the New York State Division of Human Rights"; thus, "[b]y first filing with the Division of Human Rights, plaintiff elected his forum to hear this dispute" and "[a]ccordingly the within action must be dismissed." Before the Court is Corley's unopposed motion: (a) to strike the answer of defendants Spitzer and Loftman, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure; (b) to sanction the defendants' attorney "for his materially false, fictitious and fraudulent statements and representations"; and (c) to refer the

1

defendants' attorney to "the Disciplinary Committee for the Southern District of New York Bar." In support of his motion, Corley submitted his affidavit stating that: (1) paragraph 57[1] of the defendants' answer is "materially false, fictitious, and a fraudulent statement intended to deprive plaintiff of his due process rights within this proceeding"; (2) paragraph 61[2] of the defendants' answer is "also false, fictitious and fraudulent since it derives from the initial false premise at . . . paragraph 57," and is "intended to maliciously manipulate the Court and wilfully deprive plaintiff of his rights to due process." Corley asserts in his affidavit that he "filed a complaint with the New York State Division of Human Rights ("NYSDHR" hereafter). That complaint, Case No. 10152711, was filed with the NYSDHR on December 19, 2011. The within complaint was filed on December 12, 2011. December 19, 2011 is *after* December 12, 2011." According to Corley, "throughout the pendency of the State case 400026/2010 [the defendants'] attorney [Paul] Coppe remained subject to suspension by the Appellate Division First Department."

## DISCUSSION

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike an affirmative defense is

> not viewed favorably, the general policy being against denying a party the opportunity to support his contention in more depth at trial. In ruling upon a motion

---

[1] Paragraph 57 of the defendants' answer states: "Prior to filing this action, plaintiff filed a complaint with the New York State Division of Human Rights alleging that the failure of defendant Loftman, 100 Street Tri Venture LLC and Allstate Realty Associate to continue his preferential rent constituted unlawful discrimination."

[2] Paragraph 61 of the defendants' answer states: "By first filing with the Division of Human Rights, plaintiff selected his forum to hear this dispute."

> to strike [courts] view the pleading under attack most favorably to the pleader. Unless the pleading is obviously insufficient as a matter of law, or the severity of the prejudice outweighs the materiality of the allegation, it will not be stricken.
>
> Wohl v. Blair & Co., 50 F.R.D. 89, 91 (S.D.N.Y. 1970) (internal citations omitted).

"In deciding a motion to strike, a court will not consider matters outside the pleadings, and well-pleaded facts will be accepted as true." Index Fund, Inc. v. Hagopian, 107 F.R.D. 95, 100 (S.D.N.Y. 1985). "[A]ffidavits may not be used on motions to strike." Kramer v. Living Aluminum, Inc., 38 F.R.D. 347, 348 (S.D.N.Y. 1965); see 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004) ("Matter outside the pleadings normally is not considered on a Rule 12(f) motion; for example, affidavits in support of or in opposition to the motion typically may not be used."). "If the defense appears to be valid on the basis of the pleading, then the motion to strike will be denied, even though some defenses that are sufficient as a matter of pleading may not be supported by the facts." Index Fund, Inc., 107 F.R.D. at 100. "[T]o prevail on a motion to strike, the movant must show that he will be prejudiced by inclusion of the defense." Connell v. City of New York, 230 F. Supp. 2d 432, 438 (S.D.N.Y. 2002).

    Although Corley's notice of motion seeks to strike the entire answer of defendants Spitzer and Loftman, Corley's request concerns paragraphs 57 and 61 of the answer, the defendants' "Fourth Defense." Given that Corley's pro se complaint, interpreted liberally, raises, potentially, claims that state or municipal laws have been violated, the defendants asserted an affirmative defense to those state and municipal laws that contain an election of remedies clause that may bar Corley's claims because he filed a complaint with NYSDHR. See New York Executive Law § 297(9); New York City Administrative Code § 8-502. The

defendant's "Fourth Defense" is sufficient on its face, as a matter of law, and is not redundant, immaterial, impertinent or scandalous matter. Corley cannot use factual assertions in his affidavit concerning the dates of his filing of the complaint with NYSDHR to strike this defense, because his affidavit, including these factual assertions, is a matter outside the pleadings. Even though the date Corley filed the complaint with NYSDHR may be disputed and the defendant's "Fourth Defense" may not be supported by the facts, since the "Fourth Defense" appears valid on the basis of the pleading, striking it is not warranted. See Index Fund, Inc., 107 F.R.D. at 100. Moreover, Corley failed to assert that any prejudice will attend him if the "Fourth Defense" is not stricken from the answer. As Corley did not carry his burden under a Rule 12(f) motion, no basis exists for granting the motion. In addition, a Rule 12(f) motion is not a proper vehicle by which Corley's request for relief in connection with the allegations he has made against the defendants' attorney may be sought.

## RECOMMENDATION

For the foregoing reasons, I recommend that the plaintiff's motion to strike, pursuant to Rule 12(f), Docket Entry No. 20, be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 640, New York, New York, 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 530, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan.

***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 142, 106 S. Ct. 466, 468 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

Dated: New York, New York
October 4, 2012

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

William B. Corley